**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| AG EQUIPMENT COMPANY, )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>AIG LIFE INSURANCE COMPANY, )<br>)<br>    Defendant. ) | Case No. 07-CV-556-CVE-PJC<br>(Base File) |

**OPINION AND ORDER**

This matter came before the Court for telephonic hearing to resolve a dispute arising during deposition being conducted in California August 25, 2008. Plaintiff appeared through counsel Dana LouAnn Kurtz; Defendant appeared through counsel Steven Holden.

Plaintiff's counsel complained that three auditors – Holly Wirt, Pat Diorio and Linda Subbiondo – are witnesses in this case. Counsel had been informed that Subbiondo was not available for deposition on Aug. 25; however, Subbiondo appeared to sit in on the depositions of Wirt and Diorio.[1] Plaintiff's counsel stated that she wished to invoke the rule of sequestration to preclude the witnesses – especially Subbiondo – from hearing their colleagues' testimony.

Under Fed. R. Civ. P. 30(c) deposition witnesses are not subject to the rule of sequestration as a general rule. The Rule states:

> Examination and Cross-Examination. The examination and cross-examination of a deponent proceed as they would at trial under the Federal

---

[1] Defense counsel stated that Subbiondo had initially been unable to be present for deposition because of a personal matter; however, the matter was resolved in time for her to attend the Aug. 25 depositions.

> Rules of Evidence, except Rules 103 and 615. After putting the deponent under oath or affirmation, the officer must record the testimony by the method designated under Rule 30(b)(3)(A). The testimony must be recorded by the officer personally or by a person acting in the presence and under the direction of the officer.

Fed. R. Civ. P. 30(c)(1) (emphasis added).

Fed. R. Evid. 615 permits the exclusion of witnesses from the courtroom so that they cannot hear the testimony of other witnesses.[2] The language of Fed R. Civ. P. 30(c) specifically excludes application of Fed. R. Evid. 615. This language was intended to establish a general rule that "other witnesses are not automatically excluded from a deposition simply by the request of a party." Fed. R. Civ. P. 30 advisory committee note to 1993 amendments. "Instead, exclusion of individuals from depositions requires that the Court grant a protective order pursuant to Rule 26(c)." *Conrad v. Board of Johnson County Kansas Comm'rs*, 2001 WL 1155298 (D.Kan. September 17, 2001) (citing *Jones v. Circle K Stores, Inc.*, 185 F.R.D. 223, 234 (M.D.N.C. 1999).

In light of the circumstances presented herein, the Court will treat Plaintiff's oral motion for sequestration as a motion for protective order. The decision whether to grant a protective order is a matter left to the sound discretion of the trial court. *Wang v. Hsu*, 919 F.2d 130, 130 (10th Cir. 1990). The moving party has the burden of showing good

---

[2] Fed. R. Evid. 615 provides:

> At the request of a party the court shall order witnesses excluded so that they cannot hear the testimony of other witnesses, and it may make the order of its own motion. This rule does not authorize exclusion of (1) a party who is a natural person, or (2) an officer or employee of a party which is not a natural person designated as its representative by its attorney, or (3) a person whose presence is shown by a party to be essential to the presentation of the party's cause, or (4) a person authorized by statute to be present.

cause for the entry of the protective order. *Herff Jones, Inc. v. Oklahoma Graduate Services, Inc.*, 2007 WL 2344705 *2 (W.D.Okla. Aug. 15, 2007). Within the context of Rule 26(c), "good cause" contemplates a "particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *Id.* (citations omitted).

Plaintiff's counsel expressed concern that this case is highly factual in nature and that the witnesses' testimony might be affected by hearing their colleagues' depositions. This is essentially the same argument that the Court rejected in *Conrad*, 2001 WL 1155298 *1-2. Here, Plaintiff has not offered any particular facts that would lead the Court to believe that there are special circumstances present that require sequestration of these witnesses. Sequestration of deponents remains the exception, not the rule. *Conrad* at *2.

Plaintiff has not sustained its burden to show good cause for protective order. Accordingly, the oral motion is DENIED.

IT IS SO ORDERED this 25th day of August 2008.

Paul J. Cleary
United States Magistrate Judge