IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| AG EQUIPMENT COMPANY, et al., | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No. 07-CV-556-CVE-PJC ) |
| AIG LIFE INSURANCE COMPANY, et al., | ) ) ) |
| Defendant | ) ) |

**OPINION AND ORDER**

Defendant AIG Life Insurance Company ("AIG") has "re-urged" its previously filed Motion to Compel. [Dkt. # 186 re-urging Dkt. # 91]. For the reasons sets forth below, the Motion is **DENIED**.

**I**
*Background*

This lawsuit involves a claim by Plaintiff AG Equipment Company ("AG") under a stop-loss insurance policy with AIG. AG was self-insured up to $40,000 of qualified employees' health care costs. After AG had paid $40,000, the AIG policy was to take over. AG made a claim for medical expenses incurred by Suzanne Ash-Kurtz. Ash-Kurtz performed legal work for AG. The nature of Ash-Kurtz's employment status with AG is a central issue in the lawsuit. AIG contends that Ash-Kurtz was not qualified for coverage under the stop-loss policy based on the number of hours she routinely worked for AG.

On Sept. 12, 2008, AIG filed a Motion to Compel [#91] concerning AG's discovery response served seven months earlier. AG's discovery response included a 23-

page privilege log listing hundreds of documents as either attorney-client communication or attorney work product.[1]  AIG's motion asked that the Court conduct an *in camera* review of the documents listed on the privilege log or order their production.  The motion was discussed during a telephonic discovery conference on Oct. 23, 2008.  At that time, the Court denied the motion to compel without prejudice, directing that AIG should provide "specific entries from the Privilege Log for in camera review."  [Minute, Dkt. # 129].  AIG never pursued this suggestion.

Fact discovery in this case concluded on Oct. 31, 2008.  On Dec. 3, 2008, the Court conducted a lengthy hearing on pending discovery motions that had been filed shortly before discovery cutoff.  AIG did not raise any issues concerning the privilege log or *in camera* document review at that hearing.  [Dkt. # 183].  The Court issued its Opinion and Order on all outstanding discovery issues on Dec. 10, 2008.  [Dkt. # 188].  That same day – more than 30 days past the discovery deadline – AIG filed the instant motion re-urging its motion to compel.

Plaintiff AG contends the documents at issue are privileged communications between attorney Ash-Kurtz and her employer or are Ash-Kurtz's attorney work product.  AIG argues that the documents are probative of whether Ash-Kurtz worked the requisite number of hours per week it contends are necessary to qualify as a covered employee under AG's stop-loss insurance policy with AIG.

---

[1]  Ash-Kurtz, was an attorney for AG.  The privilege log listed documents related to Ash-Kurtz and AG.

2

## II
### *Applicable Legal Standard*

Defendant's motion may be construed as a motion for reconsideration[2] or, more appropriately, as a motion to re-open discovery.[3] In reviewing a motion to re-open discovery, the following factors should be considered: "1) whether trial is imminent, 2) whether the request is opposed, 3) whether the non-moving party would be prejudiced, 4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, 5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and 6) the likelihood that the discovery will lead to relevant evidence." *Sil-Flo, Inc. v. SFHC, Inc.*, 917 F.2d 1507, 1514 (10th Cir.1990) (quoting *Smith v. United States*, 834 F.2d 166, 169 (10th Cir.1987)); *American Motorists*, 162 F.R.D. at 647.

Importantly, discovery motions under Fed. R. Civ. P. 37 must be timely filed or the movant risks a finding of waiver. *Continental Indus., Inc. v. Integrated Logistics Solutions LLC*, 211 F.R.D. 442, 444 (N.D.Okla. 2002); *Buttler v. Benson*, 193 F.R.D. 664, 666 (D.Colo. 2000) ("A party cannot ignore available discovery remedies for months and then, on the eve of trial, move the court for an order compelling production.").

---

[2] The Federal Rules of Civil Procedure do not provide for a motion to reconsider. *See Hatfield v. Board of County Comm'rs*, 52 F.3d 858, 861 (10th Cir. 1995). However, courts have construed such motions as seeking relief either under Fed.R.Civ.P. 59(e) or 60(b). *Id.*

[3] *See American Motorists Ins. Co. v. General Host. Corp.*, 162 F.R.D. 646, 647 (D.Kan. 1995) ("Defendant's motion to compel seeks, in essence, to reopen discovery….").

3

# III
## *Discussion*

AIG received the discovery responses in dispute in February 2008, but waited seven months before filing its initial Motion to Compel. [Dkt. # 91]. After the Court denied the motion subject to Defendant identifying specific documents for *in camera* review, AIG waited another six weeks – five weeks past discovery cutoff – to revisit the issue. As with the original motion, no specific documents listed on the privilege log are identified for court review.

The Court must address two issues: First, the appropriateness of re-opening discovery at this time and second, the timeliness of AIG's motion

In assessing the appropriateness of re-opening discovery, the Court will apply the *Sil-Flo* factors listed above.

### (1) Is trial imminent?

Trial of this matter is six weeks away. Motions for summary judgment have already been filed. [Dkt. ## 195, 202, 203]. *Daubert* motions are due shortly. [Dkt. # 187]. If trial is not imminent, it is certainly looming and this fact argues against re-opening discovery.

### (2) Is the request opposed?

Plaintiffs oppose the instant motion arguing, *inter alia*, that Defendant has waived its motion to compel by waiting so long to pursue it.

### (3)  Would the non-moving party be prejudiced?

Re-opening discovery would undermine the existing trial schedule, further delay trial of this matter, and significantly increase costs, all to the Plaintiffs' – as well as the

4

Defendant's – prejudice. For example, re-opening discovery could have "a major impact on the pending dispositive motions." *American Motorists*, 162 F.R.D. at 648.

**(4) Was the moving party diligent?**

AIG was not diligent in pursuing this matter. Plaintiffs responded to the discovery requests at issue nearly one year ago. Defendant waited seven months before filing its initial Motion to Compel, ignored the Court's directive that it identify specific items on the privilege log for *in camera* review, and did not file the instant motion until well after discovery cutoff.

**(5) Was the need for additional discovery foreseeable?**

The discovery cutoff in this case has been extended multiple times. *See* Dkt. # 188, p.2. Discovery cutoff was initially February 29, 2008, but was extended a total of eight months.

**(6) Is the discovery likely to lead to relevant evidence?**

The Court has serious reservations whether the documents at issue would help determine whether Ash-Kurtz qualified for coverage under the AG-AIG insurance policy. Certainly the documents will be of little use without considerable explanation and interpretation through depositions. Thus, granting AIG's motion will necessitate an even wider re-opening of discovery. Finally, if the Court granted this motion and examined the documents *in camera*, it is not at all clear that the Court could make any intelligent decisions as to the relevance of the documents in question. It would be virtually impossible to determine from a letter or pleading whether the attorney involved was working full-time.

Thus, I conclude that all of the *Sil-Flo* factors weigh against re-opening discovery. In addition, this motion is untimely. In its earlier Opinion and Order [Dkt. # 188], the Court denied Plaintiffs access to certain documents because allowing access would have forced a re-opening of discovery and yet another extension of discovery cutoff. *See* Dkt. # 188, p.10. Plaintiffs were advised that by waiting 10 months until the eve of discovery cutoff to compel document production they had waited too long. The same logic applies here. This motion was filed well after discovery cutoff. Failure to file a discovery motion may constitute a waiver. *Continental Indus.,* 211 F.R.D. at 444. AIG has waived its right to seek production of these documents by waiting so long. For all of these reasons, the Court concludes that Defendant's motion [Dkt. # 186] should be **DENIED**.

IT IS SO ORDERED this 5th day of January 2009.

Paul J. Cleary
United States Magistrate Judge