UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| AG EQUIPMENT COMPANY,<br>and EDWARD T. KURTZ, in his<br>capacity as Trustee of the Suzanne<br>Ash Kurtz Revocable Trust,<br><br>    Plaintiffs,<br><br>v.<br><br>AIG LIFE INSURANCE COMPANY, INC.,<br>and MARK HEIDENREITER,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Case No. 07-CV-0556-CVE-PJC<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**OPINION AND ORDER**

Now before the Court is Defendant AIG Life Insurance Company, Inc.'s ("AIG") Appeal of/Objection to Opinion and Order of Magistrate, Dkt. No. 219 (Dkt. # 251).[1] AIG asks the Court to overrule Magistrate Judge Paul J. Cleary's opinion and order denying its reurged motion to compel disclosure of documents listed on plaintiff AG Equipment Company's ("AG") privilege log.

**I.**

AIG filed a motion to compel (Dkt. # 91) disclosure of documents listed on plaintiffs' privilege log. The privilege log identified legal work allegedly prepared by plaintiff Suzanne As-Kurtz while she was employed by AG. AIG argued that AG had not carried its burden to show that the documents are subject to a work-product or attorney/client privilege, and the documents were necessary for AIG to prepare a defense. AIG asked the Court to conduct an in camera review of the

---

[1] The Court has reviewed AIG's appeal and finds that it is unnecessary for plaintiff to respond before the Court rules on the appeal.

documents to determine if the documents were privileged. Magistrate Judge Cleary denied the motion without prejudice to refiling, and he authorized AIG to reurge its motion to compel if it could identify specific documents on the privilege log that should be reviewed in camera. Dkt. # 129.

Fact discovery concluded on October 31, 2008 and both parties filed numerous discovery motions before the discovery cutoff expired. Magistrate Judge Cleary held a hearing on December 3, 2008 and AIG did not reurge its motion to compel disclosure of documents listed on the privilege log. On December 10, 2008, AIG reurged its motion to compel (Dkt. # 186), but it failed to specifically identify any documents on the privilege log. Instead, AIG asked Magistrate Judge Cleary to review every document listed on the privilege log to determine if each document were privileged.

Magistrate Judge Cleary denied AIG's reurged motion to compel primarily on the ground that AIG's reurged motion was untimely. Dkt. # 219. He noted that the reurged motion could be treated as a motion to reconsider, but it was appropriately treated as a motion to reopen discovery. Id. at 3. Following the Tenth Circuit's decision in Sil-Flo, Inc. v. SFHC, Inc., 917 F.2d 1507 (10th Cir. 1990), he applied six factors to determine if discovery should be reopened:

> 1) whether trial is imminent, 2) whether the request is opposed, 3) whether the non-moving party would be prejudiced, 4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, 5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and 6) the likelihood that the discovery will lead to relevant evidence.

Dkt. # 219, at 3 (quoting Sil-Flo, 917 F.2d at 1514). Magistrate Judge Cleary made a specific finding as to each factor and determined that AIG's reurged motion to compel was untimely. He found that reopening discovery would prejudice AG and potentially disrupt the February trial date.

He also noted that AIG's reurged motion was filed well after the discovery cutoff and the motion was also untimely on that ground.

## II.

Pursuant to LCvR 37.2, AIG's reurged motion to compel production of documents (Dkt. # 186) was referred to the magistrate judge for resolution. Federal magistrate judges may hear and determine any pretrial matter that is not dispositive of the case and must enter a "written order setting forth the disposition of the matter." 28 U.S.C. § 636(b)(1); Phillips v. Beierwaltes, 466 F.3d 1217, 1222 (10th Cir. 2006). Fed. R. Civ. P. 72(a) provides that an order of the magistrate judge on a pretrial matter that is not dispositive shall be set aside or modified only if the order is found to be clearly erroneous or contrary to the law.

## III.

AIG claims that it will be prejudiced at trial unless AG is required to produce a copy of each document identified on the privilege log, because it will be unable to defend against AG's assertion that Suzanne Ash-Kurtz worked at least 30 hours per week. AIG argues that it is necessary for AIG to review the underlying documents, not just AG's "vague and minimal" description of the documents. Dkt. # 251, at 7. Further, AIG argues that AG's unwillingness to produce the documents listed in the privilege log constitutes a failure to supplement AG's initial disclosures under Fed. R. Civ. P. 26(a) and the failure to supplement is not "harmless" under Fed. R. Civ. P. 37(c).[2]

---

[2] This argument was not raised before Magistrate Judge Cleary and the Court declines to consider arguments that were not properly raised before the magistrate judge.

3

Although AIG objects to the magistrate judge's decision to treat its motion as a motion to reopen discovery, it was reasonable for the magistrate judge to treat AIG's motion as a motion to reopen discovery. Magistrate Judge Cleary applied each of the <u>Sil-Flo</u> factors and his finding on each factor was supported by the record. AIG claims that trial is not "imminent" because it over a month away, and AG will not be prejudiced if it is required to produce documents at this stage of the case. Dkt. # 251, at 6. AIG does not specifically address any of the other <u>Sil-Flo</u> factors. This Court will independently consider the proper application of the <u>Sil-Flo</u> factors.

Applying the <u>Sil-Flo</u> factors, the Court finds that AIG's motion to reopen disocovery was properly denied. Trial is less than one month away and is "imminent" for purposes of reopening discovery. AG opposes AIG's request to reopen discovery, and reopening discovery so close to the trial date would prejudice AG. AIG has not been diligent in requesting this discovery. AIG admits that it received a copy of the privilege log on March 31, 2008. Dkt. # 91, at 3. This means that AIG had seven months within the discovery cutoff to compel disclosure of this evidence. Although AIG filed a motion to compel (Dkt. # 91) within the discovery cutoff, this motion was denied. However, the magistrate judge authorized AIG to reurge its motion if it could specifically identify relevant documents. Dkt. # 129. AIG ignored Magistrate Judge Cleary's order to specifically identify documents on the privilege log that should be reviewed <u>in camera</u>, and its blanket request for all documents listed on the privilege log is further evidence of its lack of diligence. It is not clear that the underlying documents identified on the privilege log will have any relevance to a claim or defense raised by either party, and AIG has not shown a need for this discovery.

The Court has reviewed Magistrate Judge Cleary's opinion and order and finds that his ruling was not clearly erroneous or contrary to the law. AIG does not dispute that the discovery cutoff

expired on October 31, 2008 and its reurged motion to compel was filed over a month after discovery concluded.[3] Thus, AIG's reurged motion to compel was untimely. <u>Continental Indus., Inc. v. Integrated Logistics Solutions, LLC</u>, 211 F.R.D. 442 (N.D. Okla. 2002) ("Failure to pursue a discovery remedy in a timely fashion may constitute a waiver of discovery violations."); <u>Buttler v. Benson</u>, 193 F.R.D. 664 (D. Colo. 2000) ("A party cannot ignore available discovery remedies for months and then, on the eve of trial, move the court for an order compelling production."). Contrary to AIG's assertions, Magistrate Judge Cleary considered all of AIG's arguments and properly determined that AIG was not entitled to the requested discovery. At trial, AG must be careful how it uses the privilege log because it is possible that AG could waive its asserted work-product or attorney/client privileges at trial by delving into the contents of the documents listed on the privilege log. However, AG has chosen to rely on the privilege log itself, not the contents of the underlying documents, and it is not for the Court to second-guess AG's chosen litigation strategy.

**IT IS THEREFORE ORDERED** that Defendant AIG Life Insurance Company, Inc's Appeal of/Objection to Opinion and Order of Magistrate, Dkt. No. 219 (Dkt. # 251) is **denied**.

**DATED** this 20th day of January, 2009.

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

[3] The Court notes that the parties' original discovery cutoff was February 29, 2008 and the time to conduct discovery was extended by almost eight months. AIG has had more than adequate time to conduct discovery in this case.