UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **AG EQUIPMENT COMPANY,** ) | |
| and **EDWARD T. KURTZ,** in his ) | |
| capacity as Trustee of the Suzanne ) | |
| Ash Kurtz Revocable Trust, ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| v.  ) | Case No. 07-CV-0556-CVE-PJC |
| ) | |
| **AIG LIFE INSURANCE COMPANY, INC.,** ) | |
| and **MARK HEIDENREITER,** ) | |
| ) | |
| ) | |
| **Defendants.** ) | |

## OPINION AND ORDER

Now before the Court is Defendant AIG Life Insurance Company's Motion for Separate Trials/Motion for Severance (Dkt. # 273).[1] Defendant AIG Life Insurance Company, Inc. ("AIG") asks the Court to order separate trials, under Fed. R. Civ. P. 42(b), of plaintiff AG Equipment Company's ("AG") claim of breach of contract against AIG, and the claims of AG and Edward T. Kurtz, in his capacity as trustee of the Suzanne Ash Kurtz Revocable Trust, against a former AG employee, Mark Heidenreiter. In the alternative, AIG asks the Court to sever the consolidated cases under Fed. R. Civ. P. 21.

On September 7, 2007, AG filed a breach of contract claim against AIG in Tulsa County District Court, Oklahoma, and AIG removed the case to this Court on October 2, 2007. AG subsequently filed an amended complaint adding a claim of breach of the implied covenant of good

---

[1] The Court has reviewed defendant's motion and plaintiffs' response and finds that it is unnecessary for defendant to reply.

faith and fair dealing against AIG.[2]  AG and Suzanne Ash Kurtz[3] filed a separate case against Heidenreiter, styled <u>AG Equipment Co. and Suzanne Ash-Kurtz v. Mark Heidenreiter</u>, No. 08-CV-214-CVE-PJC.  AG alleged claims of intentional interference with contract, unjust enrichment, and a claim under the Computer Fraud and Abuse Act, 18 U.S.C. § 1030 <u>et</u> <u>seq</u>., against Heidenreiter.  Suzanne Ash Kurtz alleged claims of invasion of privacy and intentional infliction of emotional distress against Heidenreiter.  On May 29, 2008, AIG filed a motion to consolidate the two cases.  Dkt. # 58.  AIG argued that cases involved the same facts and evidence and judicial economy favored consolidation.  AIG also added that it would be "grossly inefficient" to hold separate trials of the cases, because "the facts of the two cases are inextricably intertwined."  <u>Id</u>. at 1, 5.  Plaintiffs did not respond to AIG's motion.  The Court found that the two cases involve "the same facts and evidence and arise from the same transaction" and granted AIG's motion to consolidate.  Dkt. # 67, at 2.

AIG now argues that it will be prejudiced if all pending claims are joined in one trial.  Dkt. # 273.  It raises two arguments in support of its motion for separate trials or severance.  First, AIG argues that AG's remaining claim against AIG, a breach of contract claim, is relatively narrow and straightforward and there is a significant risk of prejudice or jury confusion if the cases are not

---

[2]  On January 21, 2009, the Court granted summary judgment in favor of AIG on AG's bad faith claim.  Dkt. # 272.

[3]  While this litigation was pending, Suzanne Ash Kurtz died and the Court substituted Edward T. Kurtz, in his capacity as the trustee of the Suzanne Ash Kurtz Revocable Trust, as plaintiff.  Dkt. # 265.

2

severed. Second, AIG claims that Heidenreiter's relationship with plaintiffs is "sour," and this contentious relationship will result in prejudice to AIG at trial.[4] Id. at 16.

Under Fed. R. Civ. P. 42(b), courts may order separate trials for one or more separate issues or claims "for convenience, to avoid prejudice, or to expedite and economize." The decision to order a separate trial lies within the discretion of the trial court. Ammesaki v. Interlake S.S. Co., 342 F.2d 627, 631 (7th Cir. 1965); Fed. Deposit Ins. Corp. v. First Nat'l Bank & Trust Co. of Oklahoma City, 496 F. Supp. 291 (W.D. Okla. 1978). The Tenth Circuit has held that courts should not bifurcate trials, however, unless the issues to be bifurcated are "clearly separable." Angelo v. Armstrong World Indus., Inc., 11 F.3d 957, 964 (10th Cir. 1993). If separate trials of a case would create a risk of inconsistent judgments, a motion for a separate trial should be denied. McDaniel v. Anheuser-Busch, Inc., 987 F.2d 298, 305 (5th Cir. 1993). The Tenth Circuit has distinguished between a motion for separate trials under Rule 42(b) and a motion to sever under Rule 21, and these must be treated as separate motions. Chrysler Credit Corp. v. County Chrysler, Inc., 11 F.3d 957, 1519 n.8 (10th Cir. 1991). If a claim is severed under Rule 21, it proceeds as a "discrete, independent action and the trial court may render final, appealable judgment on the severed claim, notwithstanding the continued existence of unresolved claims in the remaining action." E.S. v. Independent Sch. Dist., No. 196 Rosemount-Apple Valley, 135 F.3d 566, 568 (8th Cir. 1998). Although Rule 21 is procedurally distinct from Rule 42(b), a decision to sever claims or issues under

---

[4] AIG notes that Heidenreiter is representing himself and implies that he will be unable to defend himself against plaintiffs' attempts to admit irrelevant and prejudicial evidence. Dkt. # 273, at 16 ("Although [Heidenreiter] is a law student, without counsel present to protect his interests from this frontal assault, all manner of improper evidence will undoubtedly be paraded before this jury if given the opportunity to do so."). Heidenreiter's pro se status is irrelevant to AIG's motion for separate trials and the Court will treat Heidenreiter as any other litigant appearing before the Court.

Rule 21 is discretionary and the Court will apply the same standard of review that it would to a request for separate trials under Rule 42(b). McDaniel, 987 F.2d at 304 n.19.

The Court finds that it is necessary to sever AG's claim of breach of contract, and AIG's counterclaims against AG, from plaintiffs' claims against Heidenreiter. When considering a motion for severance or separate trials, the Court should consider the "potential prejudice to the parties, potential confusion to the jury, and the relative convenience and economy." In re Beverly Hills Fire Litigation, 695 F.2d 207, 216 (6th Cir. 1982). The risk of jury confusion and prejudice to AIG is so great that the Court would abuse its discretion if it failed to sever or order separate trials of these matters. In most cases, the Court could assume that a jury would follow the Court's instructions to consider the evidence against each party separately. See Questar Pipeline Co. v. Grynberg, 201 F.3d 1277, 1287 (10th Cir. 2000). However, plaintiffs' litigation strategy to this point raises a serious concern that plaintiffs will attempt to use their claims against Heidenreiter to introduce irrelevant and prejudicial evidence against AIG. Plaintiffs have repeatedly raised Heidenreiter's credibility in support of their claims against AIG, and this type of evidence would be improper in a straighforward contract dispute between AG and AIG. See Dkt. # 240, at 32 (AG refers to Heidenreiter's alleged use of marijuana to impugn AIG's reliance on the underlying evidence produced by Heidenreiter); Id. at 33 (AG describes Heidenreiter as "the night-time disgruntled janitor" as evidence that AIG acted in bad faith). Heidenreiter's credibility and plaintiffs' allegations concerning his motive for contacting AIG are largely irrelevant to the issue of whether AIG breached the stop-loss policy. The risk that a jury would improperly consider plaintiffs' evidence against Heidenreiter when deliberating on the breach of contract claim against AIG is substantial, and this type of jury confusion would deprive AIG of a fair trial.

Plaintiffs' claims against Heidenreiter focus on an alleged history of bad blood between Heidenreiter and Grady Ash. Plaintiffs allegations include: (1) that Heidenreiter blackmailed Ash to get on the AG payroll; (2) that Heidenreiter was motivated by anger at Grady Ash for his perceived "betrayal" of Heidenreiter's wife; (3) that Heidenreiter spent several years "monitoring" Ash's office in an attempt to make Ash "pay for" what Ash had allegedly done to Killeen Heidenreiter; and (4) that Heidenreiter ultimately broke into Ash's computer and stole confidential files. See Dkt. # 203, at 7-12. In addition, plaintiffs allege that Heidenreiter intentionally and maliciously invaded Suzanne Ash Kurtz's privacy when he knew that she was dying of cancer and that Heidenreiter's conduct rises to the level of intentional infliction of emotional distress. Id. at 11-12. To prove the intentional infliction of emotional distress claim, plaintiffs intend to introduce evidence of the severe emotional distress allegedly suffered by Kurtz. Accordingly, Kurtz's video deposition testimony will be offered as evidence of her emotional state. Kurtz's feelings about being accused of fraud are not relevant to the breach of contract claims, but it would be natural for a jury to feel sympathetic when they see a video of a woman with late stage terminal cancer talking about how distressed she felt to be accused of participating in a fraud. See id., at 14 ("And I don't think I'll be here in time to see the conclusion of this case and know that I've been vindicated."). However, the jury may not understand that Kurtz's medical bills were paid by a third party regardless of who wins this case. The issue is whether AG or AIG will bear the burden. As evidenced by plaintiffs' motion for summary judgment against Heidenreiter (Dkt. # 203), the claims against Heidenreiter include such emotionally charged language as "betrayed," "revenge," "emotional distress," etc. These claims are largely (if not wholly) irrelevant to the breach of contract claims, but are highly confusing and designed to evoke sympathy for plaintiffs. Accordingly, there

5

is a likelihood of prejudice if the claims against Heidenreiter are not severed from the breach of contract claims.

Plaintiffs' response to the motions focuses on AIG's prior request to consolidate these matters. However, AIG requested consolidation when it appeared to all parties and the Court that a joint trial of these matters would be an efficient use of judicial resources. To be clear, the Court is not revisiting its previous finding that both cases involve "the same facts and evidence and arise from the same transaction," and consolidation for discovery was an effective use of resources. However, this decision to order separate trials is based on plaintiffs' evolving litigation strategy. Dkt. # 67, at 2. Plaintiffs ignore AIG's legitimate concerns that plaintiffs' trial strategy will result in the admission of irrelevant and prejudicial evidence against AIG and, as these cases have proceeded to trial, plaintiffs' evolving litigation strategy strongly suggests that separate trials are necessary to prevent prejudice to AIG. Plaintiffs claim that they will be prejudiced if the Court orders separate trials at such a late stage in the case. Dkt. # 303, at 8 ("To bifurcate the trials now, would require the Parties to reconsider their presentations of the case, submit other motions in *limine*, redo the pretrial order, redo jury instructions, and ultimately prepare for two (2) separate trials."). Although plaintiffs may have to make some revisions to their litigation strategy (such as elimination of irrelevant evidence), this will not be a substantial burden on plaintiffs and will not prejudice plaintiffs at trial. The Court has already ordered the parties to resubmit the pretrial order and, therefore, no additional prejudice will be caused by ordering separate trials and separate pretrial orders. As to plaintiffs' preparation of proposed jury instructions, plaintiffs' burden is the same

regardless of whether the Court severs and orders separate trials.[5]  The parties' motions in limine are fully briefed and have been heard by the magistrate judge and, given the number of motions filed, there is no risk that plaintiffs have been deprived of an opportunity to raise any evidentiary issues before trial.  In other words, plaintiffs have not shown that severance or separate trials will result in any prejudice to them, while it is clear a joint trial would confuse the jury and prejudice AIG.

The Court is severing plaintiffs' claims against Heidenreiter under Rule 21.  AG's breach of contract claim and AIG's counterclaims will be presented to a jury first, followed by a separate trial of plaintiffs' claims against Heidenreiter by a separate jury at a later date to be set after the conclusion of the first trial.

**IT IS THEREFORE ORDERED** that Defendant AIG Life Insurance Company's Motion for Separate Trials/Motion for Severance (Dkt. # 273) is **granted**.  Pursuant to Fed. R. Civ. P. 21, AG's claim of breach of contract and AIG's counterclaims will be severed and set for a separate trial from plaintiffs' claims against Heidenreiter.  AG's breach of contract claim against AIG and AIG's counterclaims will be tried on the February 17, 2009 trailing docket.

**IT IS FURTHER ORDERED** that plaintiffs' claims against Heidenreiter will be set for trial following completion of the trial of AG's breach of contract claim and AIG's counterclaims.

---

[5]  As will be discussed at the pretrial conference, the Court uses a standard set of opening and closing instructions in every civil case and uses the Oklahoma Uniform Jury Instructions for the substantive instructions.  The parties will be required to submit only those additional instructions that fall outside of the standard instructions, and this is not a substantial burden for the parties.

**IT IS FURTHER ORDERED** that the parties are ordered to submit separate pretrial orders for each trial **no later than February 2, 2009**; the previously set deadline of January 30, 2009 for resubmission of the pretrial order is **stricken**.

**DATED** this 29th day of January, 2009.

_____
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT