**UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| AG EQUIPMENT COMPANY, ) | |
| and EDWARD T. KURTZ, in his ) | |
| capacity as Trustee of the Suzanne ) | |
| Ash Kurtz Revocable Trust, ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| v. ) | Case No. 07-CV-0556-CVE-PJC |
| ) | |
| AIG LIFE INSURANCE COMPANY, INC., ) | |
| and MARK HEIDENREITER, ) | |
| ) | |
| ) | |
| **Defendants.** ) | |

**OPINION AND ORDER**

Now before the Court is Plaintiff's Motion to Reconsider Magistrate Judge's February 11, 2009 Order Regarding Use of Suzanne Ash Kurtz's 4/1/08 Deposition at Trial (Dkt. # 345).[1] Plaintiff AG Equipment Company ("AG") asks the Court to reconsider the magistrate judge's order (Dkt. # 325) limiting the parties to the use of Suzanne Ash Kurtz's November 2008 preservation deposition at trial.[2] The Court will treat plaintiff's motion as an appeal of the magistrate judge's order under Fed. R. Civ. P. 72(a).

---

[1]  The Court has reviewed plaintiff's motion and finds that it is not necessary for defendant AIG Life Insurance Company ("AIG") to respond.

[2]  Suzanne Ash Kurtz ("Kurtz") was seriously ill while this litigation was pending and the parties agreed to take a video deposition in November 2008 to preserve her testimony in the event of her death. The Court will refer to Kurtz's November 2008 deposition as the "preservation deposition" in this Opinion and Order.

**I.**

The deadline in the scheduling order for each party to submit deposition designations to the opposing party was January 2, 2009, and counter-designations were due by January 7, 2009. Dkt. # 71. AG did not submit deposition designations to counsel for AIG Life Insurance Company, Inc. ("AIG") on January 2, 2009. Instead, AG's counsel, Dana L. Kurtz, states that she e-mailed the following message to counsel for AIG on January 2, 2009:

> In looking over the scheduling order this morning I see the deadline for exchanging among counsel the deposition designations in this case is today. The counter designations are due on Jan. 7 and then the transcripts of those portions we cannot agree on are to be filed with the Court's [sic] for determination by Jan. 21, 2008. At this time, I would say that I will or may designation [sic] the testimony of Holly Wirt, Pat Diorio, and Chad Nichol. At this time, I will designate **their entire deposition transcripts**.

Dkt. # 345, at 2 (emphasis in original). AG's counsel claims that she also sent a letter to defense counsel on January 2, 2009 stating that she intended to designate the entire depositions of Marie Bott, John Snyder, Edward Ueeck, Linda Subbiondo, and David Friedly, in addition to entire depositions of the witnesses identified in her e-mail.[3]

On January 21, 2009, AG's counsel submitted deposition designations for the preservation deposition of Kurtz to AIG. AIG filed a motion to strike AG's designations of Kurtz's preservation deposition on the basis that the designations were untimely. Dkt. # 274. On February 2, 2009, the Court held a pretrial conference and considered the issue of deposition designations. Based on the Court's opinion and order (Dkt. # 301) granting summary judgment in favor of AIG on plaintiff's

---

[3] Plaintiff did not attach to its motion as exhibits a copy of the e-mail or letter. For the purpose of ruling on this motion only, the Court assumes that plaintiff sent the e-mail and letter to defense counsel and that the correspondence contains the representations allegedly made by plaintiff's counsel.

claim of bad faith and the Court's opinion and order (Dkt. # 304) setting AG's claim against AIG for a separate trial from AG's claims against Mark Heidenreiter, the Court found that both parties should be given an opportunity to resubmit their deposition designations. Concerning Kurtz's deposition testimony, the Court stated:

> **The Court:** -- take especially Suzanne Ash Kurtz's deposition and come up with either an agreed edited version -- since you didn't know about the severance, an agreed edited version for this trial with -- and then note your objections. And if you could -- because then you'll have to edit. And this -- you know, I know this is time-consuming. So what you might do is when -- if you don't have an agreement at the outset, you know any objections are going to be referred to Judge Cleary. So, you know, just pick up the phone and call him and say, we'd like to come in, and show him what part is objected to, let him make his ruling, so you can get this to an editor to get the final edited version for the first trial.

Dkt. # 326, at 20-21. The Court ordered the parties to submit deposition designations of witnesses other than Kurtz no later than February 9, 2009 and counter-designations no later than February 12, 2009. Dkt. # 310. Concerning deposition designations for Kurtz's preservation deposition, the Court directed the parties to confer and, if they could not reach an agreement, to notify the magistrate judge no later than February 5, 2009. AG did not request leave to submit designations from any deposition of Kurtz other than the preservation deposition.

AG submitted new designations of Kurtz's deposition testimony and AIG objected. Dkt. # 319. Instead of reducing the amount of Kurtz's deposition testimony AG would use at trial, AG designated a substantial amount of new deposition testimony, including deposition testimony from an April 1, 2008 discovery deposition ("discovery deposition") of Kurtz from which AG had not previously designated any testimony. Id., Exs. A and B. AIG argued that much the designated testimony was irrelevant in light of the Court's decision to hold separate trials of AG's breach of contract claim against AIG from AG's claims against Mark Heidenreiter, and AG should have

3

reduced its designations from Kurtz's deposition testimony to comply with the Court's orders. AIG also argued that AG had not previously designated any testimony from Kurtz's discovery deposition, and AIG would be prejudiced if AG were permitted to designate this deposition testimony so shortly before trial.[4]

On February 11, 2009, Magistrate Judge Paul J. Cleary held a telephonic conference to address the parties' arguments concerning designations of Kurtz's deposition testimony. He limited AG's designations of Kurtz's deposition testimony to the preservation deposition and ordered AG to resubmit its designations of Kurtz's deposition testimony by February 12, 2009. Dkt. # 325. AG resubmitted its designations of Kurtz's testimony on February 12, 2009 and reduced the number of pages designated from Kurtz's preservation deposition. Dkt. # 328. AG removed any designations of Kurtz's discovery deposition, but objected to the magistrate judge's ruling prohibiting designation of Kurtz's discovery deposition. Id. at 1. Three days before trial, AG filed this motion to reconsider the magistrate judge's order preventing AG from designating testimony from Kurtz's discovery deposition.

**II.**

Federal magistrate judges may hear and determine any pretrial matter that is not dispositive of the case and must enter a "written order setting forth the disposition of the matter." 28 U.S.C. § 636(b)(1); Phillips v. Beierwaltes, 466 F.3d 1217, 1222 (10th Cir. 2006). Fed. R. Civ. P. 72(a) provides that an order of the magistrate judge on a pretrial matter that is not dispositive shall be set aside or modified only if the order is found to be clearly erroneous or contrary to the law.

---

[4]  AG's claim against AIG and AIG's counterclaims against AG are set for trial on February 19, 2009.

4

**III.**

AG claims that it has submitted timely designations of Kurtz's deposition testimony under the Court's rulings at the pretrial conference and, because the Court did not specifically direct AG to delete any designations of Kurtz's testimony or bar AG from using Kurtz's discovery deposition, AG was free to designate additional deposition testimony, including Kurtz's previously undesignated discovery deposition testimony. Dkt. # 345, at 4. AG suggests that it limited the questions asked of Kurtz during her preservation deposition due to Kurtz's deteriorating health and it intended to rely on the discovery deposition to fill in gaps from the preservation deposition. Id. at 2.

When a witness is suffering from poor health and will likely be unavailable for trial, it is common for parties to take a "preservation deposition" to memorialize the witness' trial testimony. A preservation deposition is taken with the understanding that the deposition will be used as the witness' trial testimony. Hanson v. US Airports Air Cargo, LLC, 2008 WL 4426909 (D. Conn. Sep. 26, 2008); Estenfelder v. Gates Corp., 199 F.R.D. 351, 355 (D. Colo. Jan. 23, 2001); Spangler v. Sears, Roebuck & Co., 138 F.R.D. 122, 124 (S.D. Ind. July 3, 1991). If the parties choose to take a preservation deposition, they should attempt to elicit any testimony that may be necessary at trial, because the trial judge has discretion to prevent parties from using a discovery deposition to bolster or attack the witness' testimony in a preservation deposition or impeach the witness' credibility at trial. Gracia v. Lee, 976 F.2d 1344, 1345 (10th Cir. 1992).

AG's interpretation of the Court's statements at the pretrial conference is wholly unreasonable and the magistrate judge correctly determined that AG could not designate testimony from Kurtz's discovery deposition for use at trial. At the pretrial conference, the Court directed AG

5

to "edit" its designations from Kurtz's preservation testimony. The word edit means to "assemble . . . by cutting [and] rearranging" or to "omit, delete [and] eliminate." WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 723 (1981). AG has not offered any reasonable construction of the Court's directive to the parties that would permit AG to designate portions of an entirely different deposition than the one discussed at the pretrial conference. The Court did not specifically bar designations from Kurtz's discovery designation because AG did not previously designate any testimony from that deposition. AG's suggestion that the Court's silence on this matter created an inference that AG was free to designate from Kurtz's discovery deposition is unsupported by the record and is a misinterpretation of the Court's statements.

AG should have posed all of its questions to Kurtz at the preservation deposition or, at a minimum, put AIG on notice sometime before February 9, 2009 that it intended to use Kurtz's discovery deposition at trial. This was a mere eight days before trial and it would certainly prejudice AIG's ability to prepare for trial if AG were permitted to use previously undesignated deposition testimony of a key witness with such short notice. On the other hand, AG will suffer no prejudice if it is limited to use of Kurtz's preservation deposition, because the parties took the preservation deposition with the understanding that it would serve as Kurtz's trial testimony. This motion is the first time that AG has suggested that it limited its examination of Kurtz during her preservation deposition for the sake of Kurtz' health and, given the length of Kurtz's preservation deposition (214 pages), the Court finds that this excuse lacks credibility.[5] The Court finds that the magistrate judge's

---

[5] The January 2, 2009 e-mail from AG's counsel to AIG's counsel suggests that plaintiff's counsel had not contemplated AG's deposition designations before that date. Dkt. # 345, at 2 ("In looking over the scheduling order this morning I see the deadline for exchanging among counsel the deposition designations in this case is today.").

6

order preventing AG from designating any testimony from Kurtz's discovery deposition was not clearly erroneous or contrary to law, and his order (Dkt. # 325) is affirmed.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Reconsider Magistrate Judge's February 11, 2009 Order Regarding Use of Suzanne Ash Kurtz's 4/1/08 Deposition at Trial (Dkt. # 345) is **denied**.

**DATED** this 18th day of February, 2009.

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT