**UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **AG EQUIPMENT COMPANY, and EDWARD T. KURTZ, in his capacity as Trustee of the Suzanne Ash Kurtz Revocable Trust,** | ) | |
| **Plaintiffs,** | ) | |
| **v.** | ) | **Case No. 07-CV-0556-CVE-PJC** |
| **AIG LIFE INSURANCE COMPANY, INC., and MARK HEIDENREITER,** | ) | |
| **Defendants.** | ) | |

**OPINION AND ORDER**

This matter comes on for consideration of the following motions: Plaintiff's Motion for an Extension of Time to Supplement Plaintiff's Post-Trial Motion (Dkt. # 399); Plaintiff's Motion for Leave to File Corrected Document No. 397 (Dkt. # 400); Defendant AIG Life Insurance Company, Inc's (AIG) Motion to Strike Plaintiff's Post-Trial Motions Dkt. 397, 398, 400 (Dkt. # 401); and Plaintiff's Motion for Leave Pursuant to Local Rule LCvR7.2(H) Plaintiff's Supplemental Brief in Support of Plainitff's [sic] Response to Defendant's Motion to Strike Plaintiff's Post Trial Motions, Docket # 401 (Dkt. # 405). AIG argues that plaintiff AG Equipment Company's (AG) post-trial motions (Dkt. ## 397, 398) were filed 11 business days after the Court entered judgment on the claims and counterclaims between these parties, and the post-trial motions should be stricken as untimely. AG claims that its post-trial motions are timely and requests leave to supplement the motions "with citations to the trial transcript and relevant authority on the post-trial issues." Dkt. # 399, at 1.

The Court held a jury trial on the claims and counterclaims between AG and AIG from February 19 to February 24, 2009. The jury returned a verdict for AIG on all claims and the Court entered judgment (Dkt. # 382) in favor of AIG on February 25, 2009. On March 12, 2009, plaintiff filed a renewed motion for judgment as a matter of law under Fed. R. Civ. P. 50 (Dkt. # 397) and a motion for new trial under Fed. R. Civ. P. 59(a) (Dkt. # 398). Plaintiff requested leave to supplement its post-trial motions with citations to the trial transcript and additional legal authority, and stated that "[o]n March 11, 2009, Plaintiff timely filed its post-trial motions . . . ."[1] Dkt. # 399, at 1.

Both Rules 50 and 59 require a party seeking post-trial relief to file a motion within 10 days of entry of judgment. Fed. R. Civ. P. 50(b), 59(b). The Court must exclude the day when judgment is entered and intermediate Saturdays, Sundays and legal holidays when calculating the 10 days. Fed. R. Civ. P. 6(a). A district court has no power to extend the deadlines under Rules 50(b) or 59(b). Fed. R. Civ. P. 6(b)(2). In this case, the Court entered judgment on February 25, 2009 and plaintiff's post-trial motions under Rules 50(a) and 59(a) were due no later than March 11, 2009. AG's post-trial motions were filed on March 12 and 13, 2009 and were one day and two days late, respectively.[2] Timeliness is a defense that may be raised under Rules 50 and 59, but these deadlines

---

[1] AG states that its reference to March 11, 2009 as the deadline to file post-trial motions was a "typographical error," and it should have listed March 12, 2009 as the applicable deadline. Dkt. # 402, at 4.

[2] AG claims that it relied on the Court's previous application of a ten-day deadline by adding an extra day between the triggering date and the first day the deadline began to run. It asserts that the Court allowed AIG to file a motion to reconsider 11 business days after the subject opinion and order was filed, and plaintiff assumed that it would also receive an extra day when preparing post-trial motions. See Dkt. # 143. The opinion and order of which AIG requested reconsideration was filed on Friday, October 10, 2008 (Dkt. # 139) and the first

are not jurisdictional and an objection to the timeliness of a Rule 50 or 59 motion may be waived. Dill v. General American Life Ins. Co., 525 F.3d 612 (8th Cir. 2008). Defendant has clearly raised the issue of timeliness and the Court will consider this issue when ruling on AG's post-trial motions. However, the Court declines to strike AG's post-trial motions because, even if AG's motions are untimely under Rules 50 and 59, the Court may review AG's post-trial motions under Rule 60(b). Allender v. Raytheon Aircraft Co., 439 F.3d 1236, 1241-42 (10th Cir. 2006). Defendant should file a response addressing the merits of the arguments raised in AG's post-trial motions.[3]

AG requests leave to supplement its post-trial motions with citations to the trial transcript and states that it may wish to raise additional factual and legal arguments after completing its review of the transcript. Dkt. # 399. AG also requests leave to file an amended Rule 50 motion including a table of contents and table of authorities. Dkt. # 400. AG is correct that a complete trial transcript has not been filed. Upon completion of the trial transcript, AG may supplement its post-trial motions with citations to the trial transcript only, and the Court will extend the response and reply deadlines accordingly. However, AG may not raise any new legal or factual arguments, nor may AG cite any legal authority that was not referenced in its original post-trial motions. AG's motion

(continued on next page)

(continued from previous page)
business day following that date was October 14, 2008, because the weekend fell on October 11 and 12, 2008 and Columbus Day was observed on October 13, 2008. Columbus Day is expressly listed as a legal holiday in Rule 6 and it was not counted in the calculation of the 10 day deadline to file a motion to reconsider. AG's alleged reliance on the Court's previous order (Dkt. # 143) misrepresents the factual and legal basis for the Court's ruling on timeliness, and AG's argument concerning the timeliness of its motion is meritless.

3 Because the Court finds that AIG's motion to strike AG's post-trial motions should be denied, AG's request (Dkt. # 405) to file a supplemental response or sur-reply in opposition to AIG's motion to strike is moot.

(Dkt. # 400) to file a corrected Rule 50 motion containing a table of contents and table of authorities should be denied, because the lack of a table of contents and table of authorities will not impact the Court's review of AG's Rule 50 motion and it is unnecessary for AG to file a corrected motion.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for an Extension of Time to Supplement Plaintiff's Post-Trial Motion (Dkt. # 399) is **granted in part and denied in part**, and Plaintiff's Motion for Leave to File Corrected Document No. 397 (Dkt. # 400) is **denied**. AG may supplement its post-trial motions with citations to the trial transcript only, but AG may not raise new arguments or cite additional legal authority. AG's supplement to post-trial motions are due within five (5) business days of the filing of the trial transcripts. AG is cautioned that any filing in violation of these restrictions will be stricken. Responses and replies are due in accordance with local rule based on the filing date of AG's supplement to post-trial motions.

**IT IS FURTHER ORDERED** that Defendant AIG Life Insurance Company, Inc's (AIG) Motion to Strike Plaintiff's Post-Trial Motions Dkt. 397, 398, 400 (Dkt. # 401) is **denied**; and Plaintiff's Motion for Leave Pursuant to Local Rule LCvR7.2(H) Plaintiff's Supplemental Brief in Support of Plainitff's [sic] Response to Defendant's Motion to Strike Plaintiff's Post Trial Motions, Docket # 401 (Dkt. # 405) is **moot**.

**DATED** this 19th day of March, 2009.

Claire V Eagan

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT