IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| AG EQUIPMENT COMPANY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 07-CV-556-CVE-PJC |
| ) | |
| AIG LIFE INSURANCE COMPANY, INC., ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

Before the Court is Defendant AIG Life Insurance Company, Inc.'s ("AIG") Motion for Order Allowing Filing of Exhibits Under Seal. [Dkt. No. 393]. For the reasons set forth below, the Motion is **DENIED**.

AIG contends that it is the prevailing party in this action and has filed an application for attorney fees pursuant to 36 O.S. § 1219(G). AIG seeks more than $500,000 in attorney fees and nearly $13,000 in expenses. In support of its fee application AIG seeks to file its time records reflecting the hours spent on the case and the services rendered. AIG asks to file this document under seal because "Those matters are confidential and should not be exposed to public view." [Dkt. No. 393 at ¶ 2].

*Standards Applicable to Filing Under Seal*

LCvR79.1(c) provides:

A person seeking to file a document under seal in a public case shall electronically file both a motion to seal and the sealed document separately. The motion seeking such an order must contain sufficient facts to overcome the presumption in favor of disclosure and may itself be filed under seal. The relief sought shall be narrowly tailored to serve the specific interest sought to be protected. A proposed order shall be submitted pursuant to the ECF Policy Manual. If the motion to seal is

denied, the court will direct that the document either be stricken or be unsealed.

There is a strong presumption of public access regarding judicial records. Courts have held that unless a record or document is one that has been "traditionally kept secret" the presumption is that the document is accessible by the public. *See for example Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178-81 (9th Cir. 2006).

*Discussion*

This Court deals with attorney fee applications on a regular basis and rarely, if ever, are the underlying time records filed under seal. Such records have not been traditionally kept secret in this Court. AIG has requested that this Court award it more than $500,000 in attorney fees. Plaintiff will have an opportunity to oppose that request both as to entitlement and as to amount. In contesting amount, Plaintiff will be expected to point to specific time records that are improper or inadequately documented. AIG will then have an opportunity to reply before a hearing on the attorney fee request.

When the underlying time records are placed under seal, it makes the process outlined above needlessly cumbersome. Plaintiff's Response must be filed under seal, the Court's hearing may have to be closed in whole or in part. This is generally not requested or necessary in a routine insurance contract case.

Furthermore, AIG has not articulated sufficient facts warranting sealing of these exhibits. AIG's motion is supported only with the general statement that the time records are "confidential." That may be true – until AIG files a motion in a public lawsuit and asks this Court to review those time records, determine the reasonableness of the time spent on the case, the hourly rates charged and the services rendered. At that point, issues relating to AIG's attorney fee request become public. Absent some unusual

2

circumstances that have not been identified here, I see no reason why Exhibit 9 to Defendant's Motion for Fees and Expenses should be sealed from public access.

Accordingly, the Motion for Order Allowing Filing of Exhibits Under Seal is **DENIED**.

DATED this 19th day of March 2009.

_____
Paul J. Cleary
United States Magistrate Judge