UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| AG EQUIPMENT COMPANY, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>AIG LIFE INSURANCE COMPANY, INC., )<br>)<br>Defendant. ) | Case No. 07-CV-0556-CVE-PJC |

**OPINION AND ORDER**

This matter comes on for consideration of Plaintiff's Motion for New Trial Pursuant to Fed. R. Civ. P. 59 after Amended Judgment and Rule 54(b) Certification (Dkt. # 461) and Plaintiff's Motion for Judgment Notwithstandin [sic] the Verdict Pursuant to Fed. R. Civ. P. 50 after Amended Judgment and Rule 54(b) Certification (Dkt. # 462). Plaintiff has re-filed its post-trial motions and claims that the Court's entry of an amended judgment nunc pro tunc on May 6, 2009 making additional Rule 54(b) findings re-opened the time for plaintiff to file post trial motions.

A jury trial on all claims between plaintiff AG Equipment Company (AG) and defendant AIG Life Insurance Company (AIG) was held from February 19 to 24, 2009. On February 25, 2009, the Court entered judgment in favor of AIG and stated that "pursuant to Federal Rule of Civil Procedure 54(b), there is no just reason for delay in entering final judgment on these claims only." Dkt. # 382. Plaintiff filed untimely post-trial motions on March 12 and 13, 2009 (Dkt. ## 397, 398), and subsequently filed a notice of appeal of the judgment on March 23, 2009. AIG filed a motion for certification of the February 25, 2009 judgment as a final judgment under Rule 54(b), because the Tenth Circuit Court of Appeals had raised concerns that the judgment did not constitute a final judgment under Rule 54(b). See Dkt. # 446. The Tenth Circuit tolled briefing on the merits of AG's

appeal, because "it does not appear from the docketing statement filed by the defendants that the district court entered a Rule 54(b) judgment." Dkt. # 446, Ex. 10, at 2. AG responded to the Tenth Circuit's order and provided additional information showing that this Court had entered a final judgment under Rule 54(b). Dkt. # 448, at 1-2. The Tenth Circuit reserved judgment on the jurisdictional issue and ordered the parties to proceed with the appeal. Dkt. 448, Ex. 1. AIG withdrew its motion for Rule 54(b) certification.

Plaintiff requested entry of an amended judgment or additional Rule 54(b) findings to fully resolve any jurisdictional issues on appeal. Dkt. # 451. On May 6, the Court entered an amended judgment nunc pro tunc (Dkt. # 456) making additional findings as to the finality of the judgment under Fed. R. Civ. P. 54(b). In an order granting plaintiff's motion, the Court advised the parties that "the amended judgment will not reopen the time to appeal any issue or file post-trial motions, and the Court is entering an amended judgment solely for the purpose of clarification under Rule 54(b)." Dkt. # 455, at 2. The amended judgment nunc pro tunc stated that it was treated as if it were entered on February 25, 2009. Dkt. # 456.

Plaintiff claims that the Tenth Circuit found the Rule 54(b) findings in this Court's judgment (Dkt. # 382) insufficient and, thus, the February 25, 2009 judgment (Dkt. # 382) should not be treated as a final judgment for purposes of filing post-trial motions or an appeal. Plaintiff's own conduct shows that it treated the February 25, 2009 judgment as a final judgment of all claims between AG and AIG, and its assertion that the Tenth Circuit has found the Court's 54(b) findings as insufficient is a misrepresentation of the record. Plaintiff filed an appeal from the February 25, 2009 judgment and affirmatively represented to the Tenth Circuit that it was a final judgment. Plaintiff has not moved to dismiss the appeal for lack of finality, nor has the Tenth Circuit sua sponte

dismissed the appeal. In fact, the Tenth Circuit is proceeding with the appeal and, at plaintiff's request, this Court entered an amended judgment making additional Rule 54(b) findings to clarify the finality of the February 25, 2009 judgment. The purpose of plaintiff's most recent filings is clearly to obtain a more favorable standard of review on its post-trial motions and to assert new arguments or expand existing arguments raised in its pending post-trial motions.[1] The authority cited by plaintiff in its re-filed post-trial motions is inapplicable, and does not support plaintiff's attempt to re-file her post-trial motions. In fact, one of the cases cited by plaintiff, Lewis v. B.F. Goodrich Co., 850 F.2d 641 (10th Cir. 1988), holds that the Tenth Circuit may exercise jurisdiction over a premature notice of appeal filed from a non-final judgment if the appealed order later ripens into a final judgment or the parties obtain a Rule 54(b) certification. Id. at 645. In this case, the Court entered a final judgment under Rule 54(b) on February 25, 2009 and, at plaintiff's request, entered an amended judgment nunc pro tunc making additional Rule 54(b) findings to preserve its right to pursue an appeal. The Tenth Circuit has not dismissed the appeal or declared the February 25, 2009 judgment to be insufficient under Rule 54(b), and the entry of an amended judgment was a ministerial act for clarification only. As the Court clearly advised the parties, the amended judgement did not authorize the filing of new post trial motions. Dkt. # 455. Thus, plaintiff's re-filed post-trial motions are untimely under Fed. R. Civ. P. 50 and 59 and are duplicative of her pending post-trial motions.

Because plaintiff was not authorized to re-file her post-trial motions, the re-filed motions should be stricken and AIG has no obligation to respond to the re-filed motions. Plaintiff's post-trial

---

[1] The Court notes that plaintiff's re-filed motion for new trial (Dkt. # 462) would still be untimely under Rule 59, because it was filed 11 days after entry of the amended judgment.

motions (Dkt. ## 397, 398) are ripe for adjudication, and no further filings related to these motions shall be permitted.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for New Trial Pursuant to Fed. R. Civ. P. 59 after Amended Judgment and Rule 54(b) Certification (Dkt. # 461) and Plaintiff's Motion for Judgment Notwithstandin [sic] the Verdict Pursuant to Fed. R. Civ. P. 50 after Amended Judgment and Rule 54(b) Certification (Dkt. # 462) are **stricken**.

**DATED** this 21st day of May, 2009.

*Claire V Eagan*
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT