UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| AG EQUIPMENT COMPANY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 07-CV-0556-CVE-PJC |
| ) | |
| AIG LIFE INSURANCE COMPANY, INC., ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

Now before the Court is Defendant AIG Life Insurance Company, Inc.'s Motion for Determination of Pre-Judgment Interest (Dkt. # 506). Defendant AIG Life Insurance Company, Inc. (AIG) asks the Court to determine whether AIG is entitled to prejudgment interest and, if so, the amount of prejudgment interest. Plaintiff AG Equipment Company (AG) responds that AIG waived its right to prejudgment interest by failing to submit this issue to the jury or to present sufficient evidence at trial from which the Court could determine the amount of prejudgment interest. Dkt. # 509, at 2-4; Dkt. # 511, at 2-3.

AG provided its employees health benefits through a self-funded employee benefits plan, and obtained stop-loss insurance from AIG to cover expenses beyond limits specified in the stop-loss policy. AIG received evidence in May 2007 from an AG employee suggesting that Suzanne Ash Kurtz was on AG's payroll solely to obtain benefits under AG's employee benefits plan and she did not actually work for AG, and AIG immediately stopped payment on a check for $467,775.89 to cover Kurtz's claims paid by AG's self-fund plan. AG and AIG were unable to resolve the disputed claim for Kurtz's medical expenses. On September 7, 2007, AG filed this lawsuit alleging that AIG breached the stop-loss insurance policy by refusing to pay the $467,775.89 claim for Kurtz's

medical expenses. Dkt. # 2-1. AG alleged that Kurtz was employed by AG as in-house counsel, and AIG was obligated to reimburse AG for Kurtz's medical expenses based on AG's approval of Kurtz's claims for medical treatment. AG amended its complaint to include a claim of bad faith against AIG. Dkt. # 52. AIG filed counterclaims for, <u>inter alia</u>, breach of contract and fraud alleging that Kurtz's alleged employment for AG was a sham, and that AG breached the insurance policy and/or committed fraud by submitting claims for reimbursement of Kurtz's medical expenses. Dkt. # 65. AIG sought recovery for the amount of claims previously paid.

The case proceeded to a jury trial and the jury found in favor of AIG on AG's claims and AIG's counterclaims. The jury awarded AIG $279,014.11 on its fraud counterclaim.[1] Dkt. # 381. The Court entered judgment in favor of AIG for $279,014.11, plus prejudgment and postjudgment interest. Dkt. # 382. However, the judgment did not specify the amount of prejudgment interest. AG appealed the judgment to the Tenth Circuit Court of Appeals, and Tenth Circuit tolled briefing on the merits because the parties submitted a docketing statement that did not show that the Court entered a final judgment under Fed. R. Civ. P. 54(b). Dkt. # 446, Ex. 10. At the request of the parties, the Court entered an amended judgment <u>nunc pro tunc</u> (Dkt. # 456) with additional findings under Rule 54(b). The amended judgment also awarded AIG an unspecified amount of prejudgment interest. On July 30, 2010, the Tenth Circuit dismissed AG's appeals, because the judgment entered by this Court did not specify the amount of prejudgment interest. The Court

---

[1]   The jury also awarded AIG $158,417.37 on its breach of contract counterclaim. Dkt. # 380. The stop-loss insurance policy prevented AIG from requesting a refund or repayment more than 24 months after the payment was made in the absence of fraud, and this limited AIG's potential recovery for breach of contract to $158,417.37. Dkt. # 419, at 460-63. All of these damages were included in the jury's verdict on AIG's fraud counterclaim and the Court entered judgment based on the higher amount for the fraud counterclaim to prevent AIG from receiving a double recovery.

directed the parties to submit an agreed judgment with a specific amount of prejudgment interest or, absent agreement, for plaintiff to show cause why prejudgment interest should not be included in the final judgment. Dkt. # 504. Thereafter, AIG filed a motion for determination of prejudgment interest. Dkt. # 506.

AIG claims that it is entitled to prejudgment interest under four Oklahoma statutes: (1) OKLA. STAT. tit. 36, § 3629(B); (2) OKLA. STAT. tit. 36, § 1219(F); (3) OKLA. STAT. tit. 23, § 6; and (4) OKLA. STAT. tit. 23, § 22. Plaintiff responds that prejudgment interest is treated as an element of damages under Oklahoma law, and AIG waived its right to prejudgment interest by failing to object to verdict forms that did not ask the jury to determine the amount of prejudgment interest. Plaintiff also argues that the evidence produced at trial is insufficient for the Court to calculate prejudgment interest, and AIG should not be permitted to supplement the record with evidence that was not admitted at trial.

AIG is not entitled to prejudgment interest under § 3629. Section 3629 provides that "[i]f the <u>insured</u> is the prevailing party, the court in rendering the judgment shall add interest on the verdict at the rate of fifteen percent (15%) per year from the date the loss was payable . . . ." OKLA. STAT. tit. 36, § 3629(B) (emphasis added). It appears that AIG assumes that the prevailing party, whether insurer or insured, is entitled to prejudgment interest under this statute. However, that is not the case. Section 3629 provides an award of prejudgment interest only when the insured is the prevailing party and AIG, as the insurer, is not entitled to prejudgment interest under this statute.

AIG argues that it is entitled to prejudgment interest under OKLA. STAT. tit. 36, § 1219(F). Section 1219 applies to "accident and health insurance polic[ies]" and states that "[a]n overdue payment shall bear simple interest at the rate of ten percent (10%) per year." The Court has already

3

determined that stop-loss insurance is not "accident or health insurance" within the meaning of § 1219, and that AIG is not entitled to attorney fees under § 1219. Dkt. # 495, at 6-11. AIG claims that the Court "expressly did not decide the applicability of § 1219," and suggests that the Court denied AIG's motion for attorney fees due to a dispute as to whether plaintiff submitted a "clean claim." Dkt. # 506, at 12. AIG is mistaken. The Court clearly stated that "the stop-loss policy issued by AIG to AG does not qualify as accident and health insurance . . ." and § 1219 did not permit AIG to recover attorney fees. Dkt. # 495, at 11. For the same reason, AIG is also not entitled to prejudgment interest under § 1219(F). The Court also notes that § 1219(F) is phrased in terms of an "overdue payment," and this implies that only the insured is entitled to interest under this statute. The insurer is the party obligated to make payment under an insurance policy, and the statute deals with the time when payment is made by the insurer to determine if the insurer paid a "clean claim" within 45 days of receipt of the claim. OKLA. STAT. tit. 36, § 1219(E). There is no reasonable interpretation of § 1219(F) that would permit an award of prejudgment interest to an insurer, and AIG's request for prejudgment interest under this statute is denied.

AIG requests prejudgment interest under OKLA. STAT. tit. 23, § 6, which states that "[a]ny person who is entitled to recover damages certain, or capable of being made certain by calculation, and the right to recover which is vested in him upon a particular day, is entitled also to recover interest thereon from that day . . . ." "Damages are certain within the meaning of § 6 if they *are liquidated or capable of ascertainment before judgment through calculation by resort to well-established market values*." Taylor v. State Farm Fire & Cas. Co., 981 P.2d 1253, 1261 (Okla. 1999). If the fact-finder must weigh conflicting evidence as to the amount of damages, damages are

not certain and a court may not award prejudgment interest under § 6. <u>Chesapeake Operating, Inc. v. Valence Operating Co.</u>, 193 F.3d 1153, 1156 (10th Cir. 1999).

Plaintiff argues that the evidence admitted at trial does not establish that the damages were certain before trial or that AIG's damages became certain on a particular date. However, the parties agreed at the jury instruction conference that AIG was seeking to recover $279,014.11 in insurance payments to AG, even if the precise dates of the individual insurance payments comprising this total were not admitted at trial. Dkt. # 419, at 459-63. AG's CEO, Grady Ash, testified that AG had received approximately $279,000 to reimburse it for the costs of Kurtz's medical expenses. Dkt. # 417, at 275-76. David Friedly testified that AIG paid approximately $280,000 to AG for Kurtz's medical expenses before AIG learned that Kurtz may not have been employed by AIG, and this amount was paid before April 2007. Dkt. # 416, at 51. Also, in response to requests for admission, AG admitted the checks received from AIG for Kurtz's medical expenses, the amount of each check, the date each check was issued by AIG, and admitted that the total amount received prior to April 2007 was $279,014.11. Even if the checks were not admitted at trial, AIG attached copies of the checks to its motion for partial summary judgment and this evidence is part of the court record. <u>See</u> Dkt. # 200-7. The evidence shows that AIG issued the following checks to AG:

| | |
|---|---|
| March 17, 2004 | $1,524.81 |
| March 20, 2004 | $468.75 |
| June 18, 2004 | $69,505.19 |
| March 24, 2005 | $287.50 |
| April 5, 2005 | $38,066.94 |
| April 15, 2005 | $195.82 |

| | |
|---|---|
| April 30, 2005 | $9,848.02 |
| June 17, 2005 | $699.71 |
| November 1, 2006 | $71,889.07 |
| December, 13, 2006 | $16,533.47 |
| December 28, 2006 | $62,100.57 |
| April 4, 2007 | $7,894.26 |

Dkt. # 200-7.

In this case, there was no uncertainty before trial as to the amount of damages and plaintiff did not dispute the amount of AIG's damages on its counterclaims at trial. AG asserts that it did not stipulate to the amount of damages and AIG made no attempt to admit the checks into evidence at trial. Dkt. # 509, at 9; Dkt. # 513, at 5. However, AG admitted in response to requests for admission that it received $279,014.11 from AIG for Kurtz's medical expenses. AG admitted in response to AIG's motion for partial summary judgment that "AIG issued reimbursement checks in the amount of $279,014.11" to AG. Dkt. # 240, at 8. The joint statement of the case, which was read to the jury, also stated that "[AIG] seeks as damages for its counterclaim, repayment of the previous reimbursement payments to [AG] over the years, "$279,014.11." Dkt. # 312, at 2. Plaintiff did not dispute this amount before or during trial, and plaintiff may not now claim that the amount of AIG's damages was uncertain until the jury issued its verdict. In other words, the jury was required to determine whether AG was liable to AIG but there no issue as to the amount of AIG's damages. See Strickland Tower Maintenance, Inc. v. AT&T Communications, Inc., 128 F.3d 1422, 1429 (10th Cir. 1997) (damages are uncertain when the amount depends on a fact that must be found

by a jury). Thus, AIG's damages were "certain" for a determination of prejudgment interest[2] and AIG is entitled to prejudgment interest under § 6.[3]

AIG offers several possible dates upon which to calculate the amount of prejudgment interest. Under Oklahoma law, prejudgment interest is awarded to "compensate for the detriment caused by the deprivation of the money." Okland Oil Co. v. Conoco Inc., 144 F.3d 1308, 1317 (10th Cir. 1998). AIG was deprived of its money at the time it paid AG's claims for reimbursement of Kurtz's medical expenses. The jury's verdict in favor of AIG on its fraud counterclaim supports AIG's argument that prejudgment interest should run from the date payment was issued to AIG. The Court instructed the jury that an essential element of AIG's fraud counterclaim was that AG must have made a material misrepresentation. The material misrepresentation was that Kurtz was a covered employee under AG's employee benefits plan and, based on the jury's verdict, AG made this misrepresentation each time it submitted a claim under the stop-loss policy for reimbursement of Kurtz's medical expenses. Thus, the correct date to calculate prejudgment interest is the date AIG actually paid AG's claims, because this is the date that AIG was actually deprived of its money. There is sufficient evidence in the record to determine the particular date that AIG paid each of AG's claim for reimbursement of Kurtz's medical expenses. AIG has calculated the amount of prejudgment interest based on the dates and amounts listed above and applies a six percent interest

---

[2]  Plaintiff argues that the amount of AIG's loss is uncertain, because AIG failed to account for the amount of premiums paid by AG when calculating its loss. Dkt. # 509, at 9-10. While AG may be entitled to a return of certain premiums, this does not render the amount of AIG's loss uncertain and the Court was clear that return of the premiums was not an issue that would be presented to the jury. Dkt. # 419, at 463.

[3]  Because the Court has determined that AIG is entitled to prejudgment interest under § 6, it is unnecessary to reach AIG's argument that prejudgment interest should be award under OKLA. STAT. tit. 23, § 22.

rate, compounded annually, from the date of each payment. Under OKLA. STAT. tit. 15, § 266, the legal rate for an award of prejudgment interest under § 6 is six percent unless the parties have specifically agreed to a higher rate. Heiman v. Atlantic Richfield Co., 891 P.2d 1252, 1258 (Okla. 1995). The parties have not agreed to a higher interest rate and the statutory prejudgment interest rate of six percent applies. AIG has submitted a proposed calculation of prejudgment interest using a six percent interest rate based on the date when AG would have received each check, and states that the amount of prejudgment interest that should be added to the verdict is $66,887.84.[4] AG does not dispute AIG's calculation of prejudgment interest, and its opposition to AIG's motion is based solely on AIG's entitlement to prejudgment interest.

AG argues that the amount of prejudgment interest should have been determined by a jury and AIG waived its right to prejudgment interest by failing to request the submission of this issue to the jury. However, Tenth Circuit precedent establishes that a judgment can be amended to include prejudgment interest based on a postjudgment motion and, in fact, it is the standard practice of this Court to consider a request for prejudgment interest on a post-verdict or postjudgment motion. See Webco Indus., Inc. v. Thermatool Corp., 278 F.3d 1120, 1135-36 (10th Cir. 2002) (rejecting argument that prejudgment interest must be found by a jury and holding that a postjudgment motion is an appropriate way to request prejudgment interest); Wilspec Technologies, Inc. v. Dunan Holding Group Co. Ltd., 2008 WL 7254328 (W.D. Okla. June 20, 2008) (holding that prejudgment interest is a matter that should be determined on a post-verdict motion and citing

---

[4] AIG has allowed several additional days from the date each check was issued to account for the mailing of each check to AG, and the amount would be somewhat higher if AIG would have calculated prejudgment interest based on the date of mailing of each check. See Dkt. # 506-4, at 2.

8

Oklahoma and Tenth Circuit precedent supporting this holding). AG argues that the Court cannot consider evidence outside of the trial record. However, AG fails to note that it agreed to the amount of AIG's damages in the pretrial order and it admitted in response to requests for admission that the checks for payment of Kurtz's medical expenses accurately measured AIG's loss. Even if the checks were not admitted into evidence at trial, AG conclusively admitted that the checks were an accurate measure of AIG's loss and AG will not be prejudiced by the Court's consideration of the checks when ruling on AIG's motion for prejudgment interest. AIG did not waive its right to prejudgment interest by seeking it in a postjudgment motion and the record is sufficient to determine the amount of prejudgment interest, and AG's procedural arguments do not show that the Court is barred from considering AIG's postjudgment motion for prejudgment interest.

**IT IS THEREFORE ORDERED** that Defendant AIG Life Insurance Company, Inc.'s Motion for Determination of Pre-Judgment Interest (Dkt. # 506) is **granted**. The Court will enter a second amended judgment nunc pro tunc awarding $66,887.84 of prejudgment interest to AIG, as well as all other relief awarded in the original judgment.

**DATED** this 6th day of October, 2010.

_____
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT