UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| AG EQUIPMENT COMPANY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 07-CV-0556-CVE-PJC |
| ) | |
| AIG LIFE INSURANCE COMPANY, INC., ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

Now before the Court are Defendant AIG's Motion to Certify the Question of AIG Life's Entitlement to Fees to the Oklahoma Supreme Court (Dkt. # 518) and Amended Defendant's Motion to Reconsider Denial of Attorney Fees So That Defendant's Motion Can Be Certified to the Oklahoma Supreme Court (Dkt. # 521). Defendant AIG Life Insurance Company, Inc. (AIG) asks the Court to certify two questions to the Oklahoma Supreme Court concerning the award of attorney fees under OKLA. STAT. tit. 36, §§ 1219 and 3629:

1. Is stop loss coverage as provided by AIG Life to AG herein "accident and health insurance " under 36 O.S. § 703 and 36 O.S. § 1219, so as to qualify AIG Life for prevailing party attorney fees under 36 O.S. § 1219(G);

2. Is the 90-day time limit of 36 O.S. § 3629(B) triggered by the information provided by AG to AIG Life in the circumstances of this case so as to preclude an award of prevailing party attorney fees to AIG Life under § 3629(b), or was AIG Life's response timely for an award of prevailing party attorney fees?

Dkt. # 518, at 7-8. AIG claims that the answers to its proposed questions of state law would be dispositive of its claim for attorney fees and are unsettled by any Oklahoma statute, constitutional provision, or judicial decision.

On February 24, 2009, the Court entered judgment in favor of AIG in the amount of $279,014.11.[1] Dkt. # 382. AIG sought attorney fees from AG under OKLA. STAT. tit. 36, §§ 1219 and 3629. Dkt. # 394. AIG did not request certification of any question to the Oklahoma Supreme Court in its motion for attorney fees or reply in support of that motion. Quite to the contrary, AIG argued that the law was clear and AIG was entitled to attorney fees under both statutes. Dkt. # 434, at 3-6. AIG's motion was referred to a magistrate judge for a report and recommendation, and the magistrate judge recommended that the Court deny AIG's motion for attorney fees. Dkt. # 491. AIG objected to the magistrate judge's report and recommendation. Dkt. # 492. AIG did not request certification of a question to the Oklahoma Supreme Court, and renewed the legal arguments raised in its motion for attorney fees.

On February 11, 2010, the Court adopted the magistrate judge's report and recommendation and denied AIG's motion for attorney fees. Dkt. # 495. The Court found that stop-loss insurance was not "accident and health insurance" under § 703, and this prevented AIG from recovering attorney fees under § 1219. Id. at 11-12. The Court also determined that AIG did not reject or offer to settle AG's disputed claim within 90 days of receiving it, and AIG was not entitled to attorney fees under § 3629. Id. at 15. AIG appealed the Court's decision to the Tenth Circuit Court of Appeals. Dkt. # 496. However, the appeal was dismissed for lack of jurisdiction after the Tenth Circuit determined that the judgment (Dkt. # 382) was not a final judgment for the purpose of appeal, because the judgment did not state the amount of prejudgment interest awarded to AIG. Dkt. # 515. The Court entered a second amended judgment nunc pro tunc (Dkt. # 517) specifying the

---

[1] The Court subsequently entered an amended judgment nunc pro tunc clarifying that the judgment fully disposed of all claims between AIG and AG Equipment Company (AG), and the judgment was no just reason to delay entry of judgment under Fed. R. Civ. P. 54(b).

amount of prejudgment interest. AIG now asks the Court to certify two questions of law to the Oklahoma Supreme Court.

The decision to certify a question of law to a state court is within the discretion of a federal district court. See Oliveros v. Mitchell, 449 F.3d 1091, 1093 (10th Cir. 2006); Coletti v. Cudd Pressure Control, 165 F.3d 767, 775 (10th Cir. 1999); Allstate Ins. Co. v. Brown, 920 F.2d 664, 667 (10th Cir. 1990). Under OKLA. STAT. tit. 20, § 1601.2, the Oklahoma Supreme Court has the power to accept a certified question from a federal court if the outcome of the federal litigation depends on a controlling issue of state law and the issue cannot be resolved by reference to an Oklahoma statute, constitutional provision, or judicial decision. Certification is appropriate "where the legal question at issue is novel and the applicable state law is unsettled," but a federal district court is not compelled to certify such issues to a state court. Society of Lloyd's v. Reinhart, 402 F.3d 982, 1001 (10th Cir. 2005). "Certification is not to be routinely invoked whenever a federal court is presented with an unsettled question of state law." Armijo v. Ex Cam, Inc., 843 F.2d 406, 407 (10th Cir. 1988).

The Court finds that AIG has unreasonably delayed in filing this motion and the timing of the motion suggests that AIG is simply seeking another bite at the apple following an unfavorable ruling on its motion for attorney fees. AIG did not believe that there was unclear issue of state law until the Court denied AIG's motion for attorney fees, and courts should not generally certify a question to a state court when the request for certification is made after an adverse decision against the requesting party. Park University Enterprises, Inc. v. American Cas. Co. of Reading, Pennsylvania, 442 F.3d 1239, 1242 n.1 (10th Cir. 2006). It is also likely that the Oklahoma Supreme Court would decline to answer AIG's proposed questions, because this Court has issued a final

ruling on AIG's motion for attorney fees and the Oklahoma Supreme Court will not engage in appellate review of a federal court decision through the use of a certified question. Cray v. Deloitte Haskins & Sells, 925 P.2d 60 (Okla. 1996). AIG waited over eight months after the denial of its motion for attorney fees before asking this Court to certify a question to the Oklahoma Supreme Court, and AIG offers no reasonable explanation for its delay in filing this motion to certify a question to the Oklahoma Supreme Court. AIG argues that its motion to certify was not appropriate until the Court entered the second amended judgment nunc pro tunc. Dkt. # 518, at 2. However, the entry of the second amended judgment nunc pro tunc did not affect the substance of the Court's opinion and order denying AIG's motion for attorney fees. If there were truly an unclear issue of state law, the appropriate time to request certification of a question to the Oklahoma Supreme Court would have been when AIG originally filed its motion for attorney fees. AIG failed to make a timely request to certify a question of law to the Oklahoma Supreme Court, and this is a sufficient reason to deny AIG's motion. The Court has also reviewed AIG's motion for attorney fees and related briefing, as well as the Court's opinion and order (Dkt. # 495), and finds that there is no unsettled question of state law that would be appropriate for certification. The proposed questions simply express AIG's disagreement with the Court's decision, and the appropriate means for AIG to challenge the Court's decision is through an appeal to the Tenth Circuit.

AIG's motion to reconsider (Dkt. # 521) should also be denied. The basis for reconsideration is not stated in AIG's motion, but it appears that AIG seeks reconsideration to allow it to request certification of two questions of law to the Oklahoma Supreme Court. The Court has found that it is not appropriate to certify a question to the Oklahoma Supreme Court and there is no need to reconsider the denial of AIG's motion for attorney fees. The Court also notes that AIG's motion for

attorney fees was denied in February 2010, and AIG has offered no legitimate excuse for the untimeliness of its motion to reconsider.

**IT IS THEREFORE ORDERED** that Defendant AIG's Motion to Certify the Question of AIG Life's Entitlement to Fees to the Oklahoma Supreme Court (Dkt. # 518) and Amended Defendant's Motion to Reconsider Denial of Attorney Fees So That Defendant's Motion Can Be Certified to the Oklahoma Supreme Court (Dkt. # 521) are **denied**.

**DATED** this 19th day of October, 2010.

_____
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT