# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| AG EQUIPMENT COMPANY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 07-CV-0556-CVE-PJC |
| | ) |
| AIG LIFE INSURANCE COMPANY, INC., | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

Now before the Court is Plaintiff/Counter-Defendant AG Equipment Motion for Leave to Depose Juror or Alternatively, Hold an Evidentiary Hearing (Dkt. ## 525, 526). Plaintiff AG Equipment Company (AG) requests leave to depose a juror under LCvR 47.2 or, in the alternative, asks the Court to hold an evidentiary hearing to allow the parties to present evidence concerning a juror's potential bias against AG. Dkt. # 525, at 1. Plaintiff also asks the Court to order a new trial based on plaintiff's allegations of juror bias.[1] Dkt. # 529. Defendant AIG Life Insurance Company, Inc. (AIG) responds that AG's allegations of juror bias are based solely on speculation and do not warrant an evidentiary hearing.

AG filed this case alleging that AIG breached a stop-loss insurance policy by refusing to pay a disputed claim and also alleged that AIG acted in bad faith. See Dkt. # 52 (plaintiff's amended complaint). AIG filed counterclaims for, inter alia, breach of contract and fraud/deceit against AG. Dkt. # 73. Jury selection in this case occurred on the morning of February 19, 2009 and Kevin

---

[1] The Court will not consider AG's motion for new trial in this Opinion and Order. The Court will issue a decision on AG's post-judgment motions under Fed. R. Civ. P. 50 and 59 following the evidentiary hearing on the issue of juror bias.

Stufflebeam was called as a prospective juror. Dkt. # 386, at 67. The Court asked Stufflebeam questions to determine if he could serve as a fair and impartial juror and, in particular, asked the following questions concerning his knowledge about the case and the parties:

> THE COURT: Have you heard anything about this case prior to today?
>
> PROSPECTIVE JUROR STUFFLEBEAM: No.
>
> THE COURT: Do you know any of the attorneys or their law firms?
>
> PROSPECTIVE JUROR STUFFLEBEAM: No, ma'am.
>
> THE COURT: Any dealings that you might have had with those law firms?
>
> PROSPECTIVE JUROR STUFFLEBEAM: No.
>
> THE COURT: Did you hear counsel introduce the parties?
>
> PROSPECTIVE JUROR STUFFLEBEAM: Yes.
>
> THE COURT: Do you know any of the parties or the representatives?
>
> PROSPECTIVE JUROR STUFFLEBEAM: No.
>
> THE COURT: Any business dealings with AG Equipment Company or AIG Life Insurance Company?
>
> PROSPECTIVE JUROR STUFFLEBEAM: No.
>
> THE COURT: Any stockholdings in either?
>
> PROSPECTIVE JUROR STUFFLEBEAM: No.
>
> THE COURT: And any prior employment with either?
>
> PROSPECTIVE JUROR STUFFLEBEAM: No.
>
> THE COURT: Did you hear counsel read the names of the prospective witnesses?
>
> PROSPECTIVE JUROR STUFFLEBEAM: Yes.
>
> THE COURT: Did you recognize any names?

> PROSPECTIVE JUROR STUFFLEBEAM: No.
>
> THE COURT: Do you think you might know anyone?
>
> PROSPECTIVE JUROR STUFFLEBEAM: No.

Dkt. # 386, at 68-69. During closing argument, many members of AG's workforce attended court and one of those employees was Mike Withrow. Mike Withrow states that he "wondered how [Stufflebeam] could sit on the jury in this case since he knows me and my brother, Patrick Withrow. Patrick is married to Kevin Sttufflebeam's [sic] sister, Kim." Dkt. # 525-1, at 1. Mike Withrow states that he called his brother and asked if his brother knew that Stufflebeam was juror in this case. Mike Withrow claims that Patrick Withrow described a conversation he had with Stufflebeam sometime between February 20 and 22, 2009, and Patrick Withrow claimed that Stufflebeam discussed the case. Id. at 1-2. This phone call between Mike and Patrick Withrow allegedly occurred on February 24, 2009. Id. at 1. The jury selected Stufflebeam to serve as its foreperson and the jury returned a verdict in favor of AIG on all of AG's claims and AIG's counterclaims.

Plaintiff states that it learned of Mike Withrow's allegations of juror misconduct "after the verdict" and plaintiff did include a general allegation of juror bias or misconduct in its initial motion for new trial. Dkt. # 398, at 10. At that time, plaintiff's entire argument on this issue was that it "has since learned that the jury foreman is the brother-in-law to an ex-employee of AG Equipment Company, who was terminated from the Company, and failed to disclose in response to voir dire questions that he had knowledge of AG Equipment Company." Id. Plaintiff did not argue that Stufflebeam discussed the case with Patrick Withrow. Plaintiff's reply in support of its motion for a new trial simply stated that "[p]laintiff's investigation into this matter continues." Dkt. # 460, at 10. The Court denied plaintiff's motion for a new trial on this issue and found that "the former

employment of a juror's brother-in-law is not such a close connection to plaintiff that this juror would have been dismissed as a potential juror." Dkt. # 472, at 41. Both parties appealed various rulings by the Court, but the appeals were later dismissed due to lack of appellate jurisdiction. Following dismissal of the appeals and entry of an amended judgment, plaintiff filed its motion to depose Stufflebeam or for an evidentiary hearing. Dkt. ## 525, 526. Plaintiff alleged for the first time that Stufflebeam had direct contact with Patrick Withrow while the trial was pending and that Stufflebeam may have discussed the case with Patrick Withrow.

The Court will initially consider plaintiff's request to depose Stufflebeam. LCvR 47.2 states that "[a]t no time, including after a case has been completed, may attorneys approach or speak to jurors regarding the case unless authorized by the Court . . . ." Trial courts possess great latitude in determining whether counsel has sufficiently demonstrated cause to contact jurors. Clyma v. Sunoco, Inc., 594 F.3d 777 (10th Cir. 2010) (district courts have discretion to deny attorneys or the press permission to speak to jurors after a trial); Green Constr. Co. v. Kansas Power & Light Co., 1 F.3d 1005, 1012 (10th Cir. 1993) ("District courts have wide discretion to restrict attorney-juror contact in order to shield jurors from post-trial fishing expeditions by losing attorneys."); Journal Publ'g Co. v. Mechem, 801 F.2d 1233, 1236 (10th Cir. 1986) (noting that a court "may broadly proscribe attorney and party contact with former jurors"). The district court must "balance the losing party's right to an impartial jury against the risks of juror harassment and jury tampering." Green Constr., 1 F.3d at 1012.

Plaintiff has cited no authority suggesting that a losing party in a civil case may depose a juror based on allegations of juror bias, and the Court finds that plaintiff's request to depose Stufflebeam should be denied. Plaintiff may be entitled to an evidentiary hearing, but a wide-

4

ranging deposition without any supervision by the Court would be inappropriate. Local Rule 47.2 is designed to "shield jurors from post-trial fishing expeditions," and a deposition has the potential to turn into such a fishing expedition. Plaintiff has asserted serious allegations about Stufflebeam's conduct, but this is not a reason to subject Stufflebeam to an invasive deposition or violate the Court's general policy of protecting juror privacy after a trial is concluded.

In the alternative, plaintiff requests an evidentiary hearing on the issue of Stufflebeam's alleged bias against AG. Every litigant in a civil case has a right under the Due Process Clause to a fair and impartial jury "capable and willing to decide the case solely on the evidence before it." Smith v. Phillips, 455 U.S. 209, 217 (1982). A district court must excuse a juror for cause if the prospective juror's responses to voir dire questions shows an actual bias in favor of a party, and bias is presumed in cases when the prospective juror has a close connection to the parties or the facts of the case. Getter v. Wal-Mart Stores, Inc., 66 F.3d 1119, 1122 (10th Cir. 1993). To obtain a new trial based on a juror's failure to answer a voir dire question truthfully, the moving party must show "that a juror failed to answer honestly a material question on voir dire, and then further show that a correct response would have provided a valid basis for a challenge for cause." McDonough Power Equip., Inc. v. Greenwood, 464 U.S. 548, 556 (1984).

Plaintiff's motion for a new trial raises two separate arguments as to Stufflebeam's alleged misconduct. First, plaintiff argues that Stufflebeam gave false answers to the Court's voir dire questions and this requires the Court to order a new trial. Plaintiff claims that Stufflebeam failed to disclose that his brother-in-law was formerly employed by AG and, thus, Stufflebeam lied when he denied that he "might know anyone" or that he "recognized any names." Dkt. # 540, at 1. It is not clear that Stufflebeam intentionally answered any questions falsely, because Stufflebeam's

5

knowledge of AG based only on the former brother-in-law may not been extensive and there is no evidence that he knew any of the witnesses who were called to testify in this case. The Court has reviewed the trial transcript and it does not appear that Stufflebeam untruthfully answered any question posed by the Court during voir dire. However, plaintiff has raised a colorable claim that Stufflebeam failed to disclose relevant information about his knowledge of AG, and this matter should be set for an evidentiary hearing to develop an adequate evidentiary basis for the Court to resolve this issue.

Plaintiff's second and more serious argument is that Stufflebeam had contact with Patrick Withrow during the trial and that Stufflebeam may have discussed the case before the jury had even begun deliberations. Plaintiff has produced evidence suggesting that Stufflebeam talked about the case with a former AG employee before the jury reached a verdict, and this is sufficient to raise a colorable claim that Stufflebeam was subject to an external influence. The Court finds that it must conduct some type of investigation into this issue due to Mike Withrow's allegations that Stufflebeam discussed the case with Patrick Withrow before the trial was completed. See United States v. Hornung, 848 F.2d 1040, 1045 (10th Cir. 1988) ("When a trial court is apprised of the fact that an extrinsic influence may have tainted the trial, the proper remedy is a hearing to determine the circumstances of the improper contact and the extent of the prejudice . . ."). The Court will subpoena Stufflebeam as its witness for the evidentiary hearing. The parties will have the burden to obtain the presence of any other relevant witnesses and present any other relevant evidence concerning AG's allegations of juror bias. **Neither counsel nor any party, including officers, agents, and employees of any party, may contact or have any discussion with Stufflebeam before the hearing.** Further, AG should also be prepared to present evidence showing when it first

learned of Mike Withrow's allegations concerning Stufflebeam and when AG could have presented this information to the Court.

**IT IS THEREFORE ORDERED** that Plaintiff/Counter-Defendant AG Equipment Motion for Leave to Depose Juror (Dkt. # 525) is **denied** and plaintiff's motion for an evidentiary hearing (Dkt. # 526) is **granted**. An evidentiary hearing on the issue of Stufflebeam's alleged minconduct and/or possible bias against AG is set for **March 1, 2011 at 10:00 a.m.**

**IT IS FURTHER ORDERED** that the Court will subpoena Stufflebeam as its witness for the evidentiary hearing, and the parties bear the burden to obtain the presence of any other witnesses they believe are necessary.

**DATED** this 8th day of February, 2011.

_____
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT